Courtney E. Scott (CS 9744)
**TRESSLER LLP**
One Penn Plaza, Suite 4701
New York, New York 10119
Telephone: (646) 833-0900
Facsimile: (646) 833-0877
cscott@tresslerllp.com
*Attorney for Plaintiffs*
**CERTAIN UNDERWRITERS AT LLOYD'S**
*a/s/o* **PMY ETS USA, INC.**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S *a/s/o* PMY ETS USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> QANTAS AIRWAYS LIMITED, <br><br> Defendant. | Case No.: 1:22-cv-06221 <br><br> **COMPLAINT FOR BREACH OF CONTRACT FOR CARRIAGE RESULTING IN DAMAGE TO AIR CARGO PURSUANT TO MONTREAL CONVENTION** |

Plaintiffs Certain Underwriters at Lloyd's (hereinafter "Plaintiffs" or "Underwriters"), for their Complaint against Defendant Qantas Airways Limited ("Qantas" or "Defendant"), allege as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This is a cargo damage claim governed by the Convention for the Unification of Certain Rules for International Carriage, done at Montreal on May 28, 1999 (the "Montreal Convention"), ICAO Doc. No. 9740 (entered into force on November 4, 2003, reprinted in S. Treaty Doc. No. 106-45). The Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331.

2. At and during the times herein mentioned, Plaintiffs Certain Underwriters at Lloyd's were, and now are, subscribing Underwriters participating through Syndicate(s) organized under the laws of the United Kingdom, doing business in London, England, at Lloyd's of London. Underwriters are insurers of the damaged cargo in question.

3. Underwriters are subrogated pursuant to rights procured from PMY ETS USA INC. who, upon information and belief, is a foreign corporation organized and existing under the laws of the state of Delaware, with its principal business office located in 3424 Midcourt Road, Suite 124 Carrollton, Texas, and was the owner of the subject cargo shipped on Qantas' commercial airplane from New York to Sydney, Australia.

4. Plaintiffs are informed and believe and on the basis of that information and belief allege that Defendant Qantas Airways Limited (hereafter, "Qantas") is an alien business corporation with a principal domestic executive office located at 2 Park Avenue, 11th Floor, New York, New York. Qantas now is, and at all times pertinent to the events described herein was, an entity engaged in business as common carrier for hire in New York. Plaintiffs are informed and believe and on the basis of that information and belief allege that Qantas operates multiple daily cargo flights from or to New York as a freight carrier.

5. Venue is proper in this Court pursuant to Article 33 of the Montreal Convention in that the bill of lading (QANTAS Airway Bill Number 081-58248956) (*i.e.*, the contract of carriage) was issued within this judicial district. Venue is also proper because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. 28 U.S.C. § 1391 (b)(2). In addition, venue is proper pursuant to 28 U.S.C. § 1391 (b)(1) because Defendant resides in this judicial district within the meaning of 28 U.S.C. § 1391 (c) (2).

## FACTUAL BACKGROUND

6. On or about July 23, 2020, the subject cargo left the manufacturer's (All Visual Productions) facility in 100 Wells Avenue, Congers, NY 10920 USA for carriage by air to Sydney, Australia.

7. The cargo consisted of 17 pieces or 3,441.50 kilograms of mounted LED display units, ("Cargo"), labeled as new and unused.

8. The Cargo was delivered to Qantas by a freight-forwarder, Rock-It Cargo, in good condition and properly packaged for shipment. Qantas, as the carrier, issued a bill of lading attesting to the good order of the Cargo to be shipped. A true a correct copy of the airway bill of lading is attached as "Exhibit A"

9. The Cargo arrived at the final destination on or about July 30, 2020, in a damaged condition. Qantas had exclusive possession and care of the Cargo for the shipment from JFK, New York to Sydney.

10. A written claim was sent to Qantas on 12 August 2020, within 14 days of the receipt of the Cargo, in accordance with claim notice provisions of the Montreal Convention (the "Claim"). Multiple written demands were made to the Defendant Qantas, most recently on July 8, 2022.

11. To the date, Qantas has not made payment for the Claim, or any portion thereof, thereby necessitating this Court's involvement.

12. Underwriters made a payment to PMY ETS USA INC. ("PMY") in the amount of $359,107.32 to fully compensate PMY for the subject loss. Underwriters now seek to recover at least $99,333.99, or the maximum amount of recovery permitted by the Montreal Convention. PMY was also forced to pay, and did pay, a $2,500.00 deductible because of Defendant's actions, delays, mishandling of the Cargo, and its complete refusal to pay for the damaged Cargo.

Underwriters also incurred reasonably foreseeable related expenses as a result of the subject loss, for which they also seek recovery pursuant to proof.

### CLAIM FOR RELIEF
### AIR CARRIER'S LIABILITY PURSUANT TO MONTREAL CONVENTION: CARGO DAMAGE

13. Plaintiffs reassert and re-allege Paragraphs 1 through 12 as though fully set forth herein.

14. The LED display units comprising the Cargo were delivered for carriage by air in good condition and properly packaged for their intended journey.

15. The Cargo was damaged during carriage by air, thereby resulting in a loss in an amount to be proven at trial.

16. A timely written complaint was made to Defendant in accordance with Article 31 of the Montreal Convention.

17. Underwriters paid the underlying claim submitted by PMY for damage to the Cargo, thereby procuring rights to pursue responsible third parties pursuant to standard subrogation principles.

18. To date, Qantas has failed to provide any payment to Plaintiffs for the subject loss, or any of it.

WHEREFORE, Plaintiffs request:

1. Judgment against Defendant in an amount to be proven at trial.

2. Pre-judgement and post-judgment interest on such amount as allowed by Article 22(6) of the Montreal Convention and applicable law;

3. Costs of suit;

4. Attorney's fees per Article 22(6) of the Montreal Convention and pursuant to applicable law; and,

5. Such other and further relief as the Court deems just and proper.

Dated: July 22, 2022
New York, New York

Respectfully submitted,

_____

Courtney E. Scott (CS 9744)
**TRESSLER LLP**
One Penn Plaza, Suite 4701 New York, New York 10119
Telephone: (646) 833-0900
Facsimile: (646) 833-0877
cscott@tresslerllp.com
*Attorney for Plaintiffs*
**CERTAIN UNDERWRITERS AT LLOYD'S**
*a/s/o* **PMY ETS USA, INC.**

## JURY TRIAL DEMAND

Underwriters herewith demand trial by jury of all issues for which a jury is permitted.

Dated: July 22, 2022
New York, New York

Respectfully submitted

_____/s/_____

Courtney E. Scott (CS 9744)
**TRESSLER LLP**
One Penn Plaza, Suite 4701 New York, New York 10119
Telephone: (646) 833-0900
Facsimile: (646) 833-0877
cscott@tresslerllp.com
*Attorney for Plaintiffs*
**CERTAIN UNDERWRITERS AT LLOYD'S**
*a/s/o* **PMY ETS USA, INC.**